993 F.2d 1550
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James LAMMERS Petitioner-Appellant,
v.
James MURPHY, Respondent-Appellee.
 No. 92-2223.
 United States Court of Appeals, Seventh Circuit.
 Argued April 20, 1993.
Decided May 18, 1993.
 
 Before COFFEY, MANION and KANNE, Circuit Judges.
 ORDER
 James Lammers has at least five Wisconsin convictions to his name, one of which was a 1990 conviction for arson-related offenses in Sheboygan County. Lammers sought habeas corpus relief from this conviction, but Judge Stadtmueller summarily dismissed the petition for failure to exhaust state remedies. On April 7, 1992, by which time Lammers had been moved to the Columbia Correctional Institution, Lammers filed another petition, this time with Judge Shabaz in the Western District of Wisconsin, again seeking habeas relief from the conviction for arson-related offenses. In this second petition, he indicated on the court-provided form that he had raised "similar" issues in the first petition. Although he stated that his first petition had been denied, he failed to indicate that the denial had not been on the merits. R. 2. Judge Shabaz dismissed the second petition, assuming that the first petition had indeed been dismissed on the merits.
 It appears that Lammers may have cured the defect in his second petition when he moved for reconsideration of Judge Shabaz' dismissal order. In that motion, he explained that his first petition had been dismissed on exhaustion grounds. Judge Shabaz summarily denied the motion for reconsideration. Under these circumstances a remand is necessary. On remand, the district court--either Judge Shabaz or Judge Stadtmueller if Judge Shabaz decides to transfer the case pursuant to 28 U.S.C. § 2241(d)--should consider (1) whether Lammers has exhausted his state remedies, (2) whether he has properly preserved the issues he raises in his petition by presenting them to the state courts, and if so (3) the merits, including whether the second petition is a successive petition barred by 28 U.S.C. § 2244(b).[1]
 VACATED and REMANDED.
 
 
 
 [1]
 The district court mentioned the doctrine of res judicata in dismissing the second petition, though it was probably referring to the similar concept embodied in § 2244(b). If the district court finds that Lammers has exhausted his state remedies and has not procedurally defaulted, then it can make an express finding on the applicability of § 2244(b)